Filed 1/29/21  In re R.L. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re R.L. et al., Persons Coming Under the Juvenile Court Law. | C090589 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.Q.,<br><br>Defendant and Appellant. | (Super. Ct. Nos. JD239785, JD239786, JD239787, JD239788) |

Appellant J.Q., mother of the minors, appeals from the juvenile court's dispositional judgment declaring the minors dependents of the juvenile court.  (Welf. & Inst. Code, §§ 300, 395.)[1]  Her sole contention is that the visitation order is invalid and

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

must be revised to provide for more details regarding her visitation. We find appellant has forfeited her claim on appeal by failing to object to the visitation order in the juvenile court.

On August 28, 2019, the juvenile court entered a visitation order providing for regular visitation with the minors and adopted the written orders attached to the Department of Child, Family and Adult Services (Department) report. The written order provided for visitation with the minors consistent with their well-being, and delegated determination of the time, place, and manner of the visits, including the frequency and length, to the Department.[2]

Appellant contends the visitation order should specify the frequency and duration of the visits and complains that "[t]here is no provision in the order encouraging appellant or even allowing appellant to participate in critical aspects of a child's daily life." Appellant argues that the visitation order must also "spell out" her right to attend any nonemergency medical/dental appointments, school functions, extracurricular activities, religious services, and "more," and must instruct the social worker/caregiver to advise her of the time and place of all such appointments and activities with sufficient notice so as to provide her with time to rearrange her schedule. She did not, however, object to the visitation order, or request such specifics be provided, in the juvenile court.

---

[2] Specifically, the order provided: "The mother . . . shall have regular visitation with the children . . . consistent with the children's well-being. The Department of Child, Family and Adult Services shall determine the time, place and manner of visitation, including the frequency of visits, length of visits and whether the visits are supervised and who supervises them. The Department's discretion shall extend to determining if and when to begin unsupervised and overnight and weekend visits. The mother . . . shall not be under the influence of alcohol or controlled substances during visits and if found to be so, that visit shall be terminated. The Department may consider the children's desires in its administration of the visits, but the children shall not be given the option to consent to, or refuse, future visits."

A party forfeits objection to the terms of a visitation order when he or she fails to object in the juvenile court. (*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 685-686; *In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222; *In re Anthony P.* (1995) 39 Cal.App.4th 635, 640-642.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.] [¶] Dependency matters are not exempt from this rule. [Citations.]" (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on other grounds as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 961-962; *In re Dakota S.* (2000) 85 Cal.App.4th 494, 501-502 [claims not raised in juvenile court are forfeited on appeal].)

"[A]pplication of the forfeiture rule is not automatic. [Citations.]" (*In re S.B., supra*, 32 Cal.4th at p. 1293.) "But the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue. [Citations.] Although an appellate court's discretion to consider forfeited claims extends to dependency cases [citations], the discretion must be exercised with special care in such matters. 'Dependency proceedings in the juvenile court are special proceedings with their own set of rules, governed, in general, by the Welfare and Institutions Code.' [Citation.] Because these proceedings involve the well-being of children, considerations such as permanency and stability are of paramount importance. [Citation.]" (*Ibid.*)

Here, appellant, who was present with counsel at the hearing, did not object to the visitation order in the juvenile court nor request additional specifics be expressly included in the order. Had a timely objection been lodged or such a request been made, the juvenile court would have had an opportunity to timely address the objection and modify the order if necessary. By failing to object, appellant tacitly consented to the order and has forfeited the ability to challenge it.

Appellant responds that this court should exercise its discretion to excuse the forfeiture because the visitation order impacts her constitutional rights. Of course, many of the orders entered by the courts in juvenile court dependency cases affect the

3

constitutional rights of the parents. Nonetheless, as stated above, dependency matters generally, and visitation orders specifically, are not exempt from the forfeiture rule. (*Kevin R. v. Superior Court, supra*, 191 Cal.App.4th at pp. 685-686.) The visitation order in this case does not present an important *legal* issue. It has also remained subject to modification by various means (including the entry of new orders at review hearings or by petition for modification) by the juvenile court throughout the pendency of this appeal, lessening the "far-ranging ramifications" which appellant claims should except it from the forfeiture rule. Finally, in arguing that any request for a more specific order would have been futile, appellant argues both that the oral rendition of the visitation order was not intended to be the "last word" and that the court's "tone and demeanor" suggested it was not willing to consider a modification of its orders. We find these arguments somewhat inconsistent but, in any event, not supported by the record.

## DISPOSITION

The orders of the juvenile court are affirmed.


_____/s/_____
RAYE, P. J.


We concur:


_____/s/_____
ROBIE, J.


_____/s/_____
KRAUSE, J.


4